**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIZ MARIBEL LIMACO LEYVA; L.L.L.-L; G.F.L.-L, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1264 <br><br> Agency Nos. <br> A243-091-781 <br> A243-091-782 <br> A243-091-783 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025**
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Petitioners Liz Maribel Limaco Leyva ("Limaco Leyva") and her two minor

daughters (collectively, "Petitioners") petition for review of a decision by the Board

of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ")

of their applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny Petitioners' petition for review.[1]

1.     An alien seeking asylum and withholding of removal has the burden of proving at least a likelihood of persecution or a well-founded fear of persecution on account of one of the protected grounds including membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3). The alien can discharge that burden by proving past persecution, for it "gives rise to a rebuttable presumption of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). In proving past persecution, the alien must demonstrate that the harm he suffered rose to the level of persecution. *Id.*

A BIA decision as to whether any alleged harm rose to the level of persecution is reviewed either de novo or for substantial evidence. *Singh v. Garland*, 57 F.4th 643, 651–52 (9th Cir. 2023). This panel need not decide which standard of review should apply here because what Petitioners suffered did not rise to the level of persecution even under the more demanding de novo standard. *See id.* at 652.

Persecution "is an *extreme* concept that means something *considerably* more than discrimination or harassment." *Sharma*, 9 F.4th at 1060 (emphases added) (citations omitted). In determining whether an alien has proven maltreatment that

---

[1]     Because the parties are familiar with the facts, we recount them only as relevant to our decision.

amounts to persecution, the Ninth Circuit considers seven non-exhaustive factors set forth in *Sharma*: (1) "physical violence and resulting serious injuries," (2) "frequency of harm," (3) "specific threats combined with confrontation," (4) "length and quality of detention," (5) "harm to family and close friends," (6) "economic deprivation," and (7) "general societal turmoil." *Id.* at 1063.

In this case, these *Sharma* factors militate against finding persecution. Limaco Leyva's hardware store was robbed for the first time in March 2022, approximately twelve years after she had opened it. The robbery lasted for only a few minutes, and the robber stole Limaco Leyva's earnings from only one day of sales and caused Petitioners no physical harm. In fact, Limaco Leyva's daughters were not present when the robbery took place. Three months later, in June 2022, the same masked robber came to Limaco Leyva's hardware store, vaguely threatened the safety of her daughters, and again demanded money. Limaco Leyva refused. The robber then quickly walked away when a customer entered the store, taking no money and leaving no one injured. One of Limaco Leyva's daughters was in the store at the time, but she was asleep. Neither Limaco Leyva nor any of her family members have had any further encounter with the robber ever since. Limaco Leyva then ran the store for another uneventful four months, transferred it to her sister and brother-in-law, and left for the United States.

Reviewing de novo, we conclude Petitioners did not suffer any harm that rose

to the level of persecution.

2. An alien who cannot prove past persecution may still be eligible for asylum and withholding of removal if he nonetheless proves an objectively reasonable fear of future persecution. *Id.* at 1065. Whether an alien has proven such an objectively reasonable fear of future persecution is reviewed for substantial evidence. *See id.*

In this case, substantial evidence supports the conclusion that Limaco Leyva's fear of future persecution was not objectively reasonable because Petitioners stayed in the same area and Limaco Leyva ran the same hardware store for another four months after June 2022 without having any further encounter with the robber. After Limaco Leyva's sister and brother-in-law took over the hardware store, they did not experience any incident either. Crediting Limaco Leyva's testimony that the robber targeted her on account of her being a business owner in Peru, the record does not compel a conclusion that the robber has an ongoing interest in her or her daughters, now that Limaco Leyva has transferred the hardware store to her sister and brother-in-law.

Therefore, Petitioners have failed to prove an objectively reasonable fear of future persecution to be eligible for asylum. As such, Petitioners also cannot meet the higher eligibility burden for withholding of removal.

3. Petitioners argue that they did not waive or forfeit before the BIA their

challenge to the IJ's denial of their request for CAT protection. Assuming Petitioners managed to exhaust this issue, we conclude that the harm they suffered did not rise to the level of torture within the meaning of CAT, and that Petitioners have failed to establish an objectively reasonable fear of future torture. *Id.* at 1067.

**PETITION FOR REVIEW DENIED.**